FILED
U.S. DISTRICT COURT
W.D.N.Y. ROCHESTER
2005 NO 16  PM 9:32

-PS-O-

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

JOSE L. NINA, a/k/a JOSE BERNARD,[1] A# 38-931-343,

        Petitioner,

        -v-

CHARLES MULE, Facility Director,
ALBERTO GONZALEZ, Attorney General,
BUFFALO FEDERAL DETENTION FACILITY,
INS COMMISSIONER,
WILLIAM CLEARY, District Director,

        Respondents.

DECISION AND ORDER
05-CV-0785F

---

    Petitioner Jose Nina, who still may be detained at the Buffalo Federal Detention Facility,[2] has filed a petition pursuant to 28 U.S.C. § 2241, challenging a final order of removal of an Immigration Judge, issued on January 24, 1996, following a judgment of conviction entered in New York State Supreme Court, First Judicial District, on June 29, 1994, for which petitioner was sentenced to 15 years to life running concurrently with two other sentences of one to three years. (Docket No. 1.) Petitioner states that he waived his right to appeal the Immigration Judge's order of removal. Petitioner claims that he was

---

    [1]In the caption petitioner notes that his name is "Jose L. Nina" but in the body of the petition he notes that his name is "Jose Bernard."

    [2]Petitioner states in the petition, ¶ 11(a), that he is being deported and that his future address will be Padre Ayala, # 18 San Critobal, Dominican Republic. The court does not know if petitioner has been deported and therefore it will direct that a copy of this order be served on petitioner at both the Buffalo Federal Detention Facility and his "new" address in San Critobal, Dominican Republic.

taken into custody by the Department of Homeland Security on October 7, 2005[3] and that he is in the process of being removed to the Dominican Republic. He also claims that he is entitled to relief from and cancellation of removal, pursuant to section 212(c) and 240A(a) (Hardship) of the Immigration and Nationality Act ("INA"), as amended 8 U.S.C. §§ 1182(c) and 1229b(a). While petitioner states that he has exhausted his administrative remedies, it readily appears from the petition that he has not first sought this type of relief from an Immigration Judge or the Board of Immigration Appeals, and he admits that he waived his right to appeal from the order of removal to the BIA when it was first entered in 1996. (Petition, ¶ 5(a)). Petitioner also seeks permission to proceed *in forma pauperis* (Docket No. 2.)

For the following reasons, petitioner's application to proceed *in forma pauperis* is granted and the petition is dismissed for want of jurisdiction because the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231 (codified at 8 U.S.C. § 1252), divested this Court of jurisdiction over petitions for habeas corpus relief challenging a final order of removal.[4] Petitioner must therefore re-file this petition with the Second Circuit Court of Appeals immediately and any requests for a stay of removal, which is not sought in the instant petition, should be made directly to the Court of Appeals for the Second Circuit.

---

[3] Petitioner was released (paroled) from New York State custody on October 7, 2005. http://nysdocslookup.docs.state.ny.us. It is proper for the Court to take judicial notice of facts "capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." Fed.R.Evid. 201(b). While much information on the Internet does not meet the requirements of Rule 201(b), sentence information on the New York State Department of Correctional Services' web site is unquestionably accurate and readily available.

[4] On July 14, 2005, the Acting United States Attorney for the Western District of New York submitted a letter to the Court advocating that the Court, pursuant to the Real ID Act, § 106(a)(1)(B)(5), must dismiss all petitions for habeas corpus relief, pursuant to 28 U.S.C. § 2241, filed on or after May 11, 2005, that challenge a final order of removal and that the plain language of the Real ID Act does not authorize the Court to transfer said petitions to the court of appeals.

On May 11, 2005, Congress enacted the Real ID Act, which became effective that same day. REAL ID Act of 2005, Pub. L. No. 109-13, § 106(b), 119 Stat. 231 (2005). Specifically, section 106(a)(1)(B), amends § 242(a) of the INA, as amended, 8 U.S.C. § 1252 (2000), and adds the following jurisdictional provision:

> (5) Exclusive Means of Review – Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, United States Code, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals[5] in accordance with this section shall be the sole and exclusive means of judicial review of an order of removal entered or issued under any provision of this Act . . . .

REAL ID Act, § 106(a)(1)(B)(5). The REAL ID Act also provides that,

> [i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case ... to the court of appeals for the circuit in which a petition for review could have been properly filed....

REAL ID Act of 2005, Pub. L. No. 109-13, § 106(c), 119 Stat. 231 (2005). The Act became effective on May 11, 2005.

The instant petition was filed in this Court on November 2, 2005 and, according to the petition, seeks review of an order of removal entered by an Immigration Judge on January 24, 1996. Petitioner does not appear to challenge his continued detention, claiming that he is presently being removed, and only seeks review of the final order of removal or seeks relief from, or cancellation of, removal.

---

[5]The "appropriate court of appeals" is "the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." INA, § 242(b)(2), 8 U.S.C. § 1252(b)(2).

The Court finds that since petitioner challenges an order of removal within in the meaning of the REAL ID Act, § 106(b), INA, § 242(a)(5), as amended, 8 U.S.C. § 1252(a)(5), this Court has no jurisdiction to review the merits of the petition or to stay the order of removal. Furthermore, since the petition was not "pending" on May 11, 2005, this Court does not have the authority to transfer this case to the court of appeals. *Flores-Diaz v. U.S.*, No. 2:05-CV-710 TS, 2005 WL 2456983 (D. Utah, Oct 05, 2005); *Griffith v. Dept. of Homeland Security*, No. 05-CV-0644S, 2005 WL 2338866 *1 (W.D.N.Y., September 3, 2005); *Munoz v. Gonzalez*, No. 05 Civ. 6056 (SHS), 2005 U.S. Dist. LEXIS 14014 (S.D.N.Y., July 11, 2005).

As noted, the sole and exclusive means to review "an order of removal," such as the one challenged herein, is through a petition for review with the appropriate court of appeals.[6] REAL ID Act, § 106(a)(1)(B). In this matter the Second Circuit Court of Appeals is the appropriate court of appeals because it appears from the petition that New York is where the Immigration Judge completed the immigration proceedings. INA, § 242(b)(2), as amended, 8 U.S.C. § 1252(b)(2).

If petitioner intends to appeal from this Order, he must file any notice of appeal from this Order with the Clerk's Office, United States District Court, Western District of New York, within thirty (30) days of the date of judgment in this action. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person. *Coppedge v. United States*, 369 U.S. 438 (1962). Requests to proceed on appeal as a poor person

---

[6] INA, § 242(b)(1), as amended, 8 U.S.C. § 1252(b)(1), provides that "[t]he petition for review must be filed **not later than 30 days** after the date of the final order of removal." (Emphasis added).

must be filed with the United States Court of Appeals for the Second Circuit in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

**IT IS HEREBY ORDERED** that the application to proceed *in forma pauperis* is granted, the petition is dismissed without prejudice to it being re-filed in the Second Circuit Court of Appeals;

**FURTHER**, that leave to appeal as a poor person is denied.

**FURTHER**, that a certified copy of this Order shall be mailed to petitioner at both the Buffalo Federal Detention Facility, 4250 Federal Drive, Batavia, New York 14020, and Padre Ayala, # 18 San Critobal, Dominican Republic.

**FURTHER**, that to inform respondent of the filing and dismissal of the petition the Clerk of the Court shall serve the petition and this Order upon the following:

- United States Attorney for the Western District of New York, 138 Delaware Avenue, Buffalo, New York 14202;

- James W. Grable, District Counsel for the Department of Homeland Security, 130 Delaware Avenue, Room 203, Buffalo, New York 14202.

SO ORDERED.

Dated: November 15, 2005
Rochester, New York

CHARLES J. SIRAGUSA
United States District Judge